UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RONALD STOKES,

                                Plaintiff,          CIVIL ACTION NO.

                           v.

                                                              **COMPLAINT**

540 WEST 146TH STREET HOUSING DEVELOPMENT
FUND CORPORATION, BIANCA BAPTISTE,
CARMEN FERNANDEZ and THOMAS BYNUM,

                              Defendants.
------------------------------------------------------------------------X

       Plaintiff Ronald Stokes ("Plaintiff"), by his attorneys, Katz Melinger PLLC, complaining of the Defendants, 540 West 146th Street Housing Development Fund Corporation ("540 West"), Bianca Baptiste, Carmen Fernandez, and Thomas Bynum (collectively, "Defendants") respectfully alleges as follows:

### I.    Nature of Action, Jurisdiction, and Venue

       1.    This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") and of the New York Labor Law ("NYLL") §§ 190 *et seq.* and 215 *et seq*.

       2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

       3.    This Court has supplemental jurisdiction over the claims arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the Plaintiff's state law claims are so closely related to his FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II.     Parties

5. Plaintiff Ronald Stokes is an individual residing in the state of New York.

6. At all relevant times, Plaintiff was a non-exempt covered employee within the meaning of the FLSA and the NYLL.

7. Defendant 540 West 146th Street Housing Development Fund Corporation is a domestic business corporation with its principal place of business located at 540 West 146th Street, New York, New York 10031.

8. Defendant Bianca Baptiste is an individual residing in the state of New York.

9. Upon information and belief, at all relevant times, Ms. Baptiste was and is the President of the 540 West's Co-Op Board (the "Board").

10. Defendant Carmen Fernandez is an individual residing in the state of New York.

11. Upon information and belief, at all relevant times, Ms. Fernandez was and is the Vice President of the Board.

12. Defendant Thomas Bynum is an individual residing in the state of New York.

13. Upon information and belief, at all relevant times, Mr. Bynum was and is the Secretary of the Board.

14. At all relevant times, 540 West was or is a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

15. At all relevant times, Ms. Baptiste, Ms. Fernandez, and Mr. Bynum were and still are senior management level employees of 540 West, who exercised significant control over its operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

16. Defendants are covered employers within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiff, and are subject to suit under the statutes alleged above.

### III. Factual Allegations

### Overtime and Minimum Wage Violations

17. Upon information and belief, 540 West is the owner of a residential building located at 540 West 146th Street, New York, New York 10031 (the "Building").

18. Upon information and belief, 540 West self-manages the Building and employs a building superintendent.

19. In or around February 2015, 540 West hired Plaintiff to be the superintendent of the Building, and continued to employ him in that capacity until on or around December 8, 2017.

20. As a superintendent, Plaintiff's job duties included maintaining the garbage area, taking out the garbage twice a week, and performing general cleaning and maintenance services such as mopping, sweeping, and minor repairs.

21. Throughout his employment with Defendants, Plaintiff worked from approximately 6:00 a.m. to 2:00 p.m., Wednesdays through Sundays, for a total of forty (40) hours per week.

22. However, Plaintiff's job duties routinely required him to perform between three (3) and six (6) additional hours of work per day, depending on tenant needs and emergencies, including stripping and waxing floors, fixing leaks, patching holes, laying tile, and scheduling and monitoring other maintenance workers such as gas readers, plumbers, and electricians.

23. Therefore, on average, Plaintiff regularly worked approximately sixty-two and one-half (62.5) hours per week throughout his employment with Defendants.

24. Ms. Baptiste, Ms. Fernandez, and Mr. Bynum each live in the Building as tenants, and personally observed Plaintiff working long after his shift had ended on numerous occasions.

25. Furthermore, members of the Board, including Ms. Baptiste, Ms. Fernandez, and Mr. Bynum, voted to make certain improvements to the Building, such as stripping and waxing the floors, which they knew would require Plaintiff to perform additional work beyond his regularly scheduled hours.

26. On most occasions, Plaintiff was assigned these extra tasks by Mr. Bynum.

27. Defendants did not track or record the number of hours that Plaintiff worked each week, nor did they provide Plaintiff with a method for accurately recording or reporting his hours.

28. Although Plaintiff is a non-exempt employee who worked more than forty (40) hours per week, Plaintiff was not paid one and one-half times his regular rate of pay for every hour worked in excess of forty (40) per week.

29. Instead, Plaintiff was paid a weekly salary of $500.00, regardless of the number of hours he worked each week.

30. Plaintiff's salary was determined by the Board and communicated to Plaintiff by Mr. Bynum.

31. All of Plaintiff's paychecks were approved by Ms. Baptiste and Ms. Fernandez, and distributed to Plaintiff by Mr. Bynum.

32. In or around November 2017, Defendants asked Plaintiff to begin working for eight (8) hours per day on Mondays and Tuesdays, Plaintiff's regular off days, in addition to his regular work schedule.

33. Plaintiff agreed and worked eight (8) hours per day on Mondays and Tuesdays for approximately five (5) weeks, from in or around November 2017 through on or about December 5, 2017.

34. Although Defendants promised to pay Plaintiff an additional $100.00 per day for working on his days off, Defendants only paid Plaintiff an additional $100.00 on two such occasions.

35. Therefore, between in or around November 2017 and on or about December 8, 2017, Plaintiff worked as many as eighty-six (86) hours per week for which he was only paid his weekly salary of $500.00.

36. Plaintiff also did not receive a payroll notice at the time of his hire, or at any time thereafter, containing his rates of pay and the designated payday, or any other information required by NYLL § 195(1).

37. Defendants further failed to furnish to Plaintiff, with each wage payment, a statement listing his regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

**Retaliation**

38. On or around December 8, 2017, as Plaintiff was attempting to collect his paycheck, Ms. Baptiste told Plaintiff that Plaintiff had already been paid the previous week for that week's work.

39. Plaintiff was upset by this, and immediately informed Ms. Baptiste that, in fact, he had not yet been paid for that week's work.

40. Others in the office, including Ms. Fernandez, corroborated Plaintiff's version of events and confirmed that Plaintiff had not yet been paid for the work he performed that week.

41. Plaintiff then requested that Defendants pay him both his salary for that week and the additional $100.00 per day that he was owed for the work he performed on Monday and Tuesday of that week.

42. In response, Ms. Baptiste demanded that Plaintiff turn over his keys and resign immediately, and that only then would she pay Plaintiff what he was owed.

43. When Plaintiff protested, Mr. Bynum asked Plaintiff to leave the office while he, Ms. Baptiste, and Ms. Fernandez had a private discussion.

44. When Plaintiff returned to the office, Mr. Bynum paid Plaintiff his weekly salary, but informed Plaintiff that the Defendants needed to "straighten out" their books before paying him for his Monday and Tuesday shifts.

45. Ms. Baptiste and Ms. Fernandez then informed Plaintiff that his services were no longer needed and that his employment with Defendants was terminated effective immediately.

46. Plaintiff then turned in his keys and left the Building.

47. Defendants' abrupt decision to terminate Plaintiff after complaining about his unpaid wages constitutes a clear violation of the anti-retaliation provisions of the FLSA and the NYLL.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Minimum Wage Violations Under the FLSA)

48. Plaintiff repeats and realleges all prior allegations set forth above.

49. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206, *et seq.*, Plaintiff was entitled to be paid at least the applicable statutory minimum wage for all hours worked.

50. Throughout the relevant time period, Defendants have willfully, regularly, and repeatedly failed to pay Plaintiff the statutory minimum wage for all hours worked.

51. As a result of Defendants' violation of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with reasonable attorneys' fees, interest, and costs.

52. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent (100%) of the total amount of wages due ("liquidated damages").

53. Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Overtime Violations Under the FLSA)

54. Plaintiff repeats and realleges all prior allegations set forth above.

55. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 207 *et seq.*, Plaintiff is entitled to overtime compensation of one and one-half times his regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

56. Throughout the relevant time period, Plaintiff regularly worked in excess of forty (40) hours per week for Defendants.

57. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) per week.

58. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

59. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

60. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Pay Wages Under the NYLL)

61. Plaintiff repeats and realleges all prior allegations.

62. Throughout the relevant time period, Defendants failed to pay Plaintiff in accordance with the agreed-upon terms of their employment by failing to pay Plaintiff all of the wages he is owed, in violation of NYLL § 191.

63. The foregoing conduct of Defendants constitutes willful violation of the NYLL for which Plaintiff is entitled to an award of liquidated damages.

64. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Failure to Provide Payroll Notice Under the NYLL)

65. Plaintiff repeats and realleges all prior allegations.

66. Defendants failed to furnish to Plaintiff, at the start of his employment or at any time thereafter, a notice containing his rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and any other information required by NYLL § 195(1).

67. As Defendants failed to provide Plaintiff with a payroll notice as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Failure to Provide Wage Statements Under the NYLL)

68. Plaintiff repeats and realleges all prior allegations.

69. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: his rate or rates of pay and basis thereof; his regular hourly rate or rates of pay; his overtime rate or rates of pay; the number of regular and overtime hours he worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

70. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Retaliation in Violation of the FLSA)

71. Plaintiff repeats and realleges all prior allegations set forth above.

72. Defendants violated the applicable provisions of the FLSA, 29 U.S.C. § 215, *et seq.* when they terminated Plaintiff's employment because of Plaintiff's complaints regarding, *inter alia*, Defendants' unlawful wage practices under the FLSA.

73. As a result of Defendants' violation of the law and termination of Plaintiff's employment, Plaintiff has suffered economic and emotional distress damage and is entitled to recover from Defendants all damages owed, including back wages, front wages, emotional distress damages and liquidated damages, along with reasonable attorneys' fees, interest, and costs.

74. As Defendants' conduct constitutes a willful violation of the FLSA, Plaintiff is also entitled to an award of punitive and/or liquidated damages.

75. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount of Plaintiff's lost back wages, front wages, emotional distress damages, liquidated and/or punitive damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Retaliation in Violation of the NYLL)

76. Plaintiff repeats and realleges all prior allegations set forth above.

77. Defendants violated the applicable provisions of NYLL § 215, *et seq.* when they terminated Plaintiff's employment because of Plaintiff's complaints regarding, *inter alia*, Defendants' unlawful wage practices under the NYLL.

78. As a result of Defendants' violation of the law and termination of Plaintiff's employment, Plaintiff has suffered economic and emotional distress damages and is entitled to recover from Defendants all damages owed, including back wages, front wages, emotional distress damages and liquidated damages, along with reasonable attorneys' fees, interest, and costs.

79. As Defendants' conduct constitutes a willful violation of the NYLL, Plaintiff is also entitled to an award of liquidated damages.

80. Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action in the amount of Plaintiff's lost back wages, front wages, emotional distress damages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action for all minimum wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) On the Fourth Cause of Action for liquidated damages due to Plaintiff in the amount of $50.00 per day in which a violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

e) On the Fifth Cause of Action for liquidated damages due to Plaintiff in the amount of $250.00 per day for every day in which a violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

f) On the Sixth Cause of Action in the amount of Plaintiff's lost back wages, front wages, emotional distress damages, liquidated and/or punitive damages, and reasonable attorneys' fees in an amount to be determined by this Court;

g) On the Seventh Cause of Action in the amount of Plaintiff's lost back wages, front wages, emotional distress damages, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

h) Interest;

i) Costs and disbursements;

j) An Order enjoining Defendants from engaging in any further unlawful conduct under the FLSA and NYLL, including, *inter alia*, retaliation against their employees, and;

k) Such other and further relief as is just and proper.

Dated: New York, New York
March 16, 2018

*/s/ Adam J. Sackowitz*
Adam J. Sackowitz
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
(212) 460-0047
ajsackowitz@katzmelinger.com
*Attorneys for Plaintiff*